BLD-081                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4761
_____

JOHN J. LYNCH;
THE POPULATION OF CCC

v.

THE CITY OF PHILA.;
THE PHILA. PRISON SYS.

John J. Lynch,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 08-01436)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 6, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: January 21, 2011)
_____

OPINION
_____

PER CURIAM

        John J. Lynch appeals from the 2008 order of the United States District Court for

the Eastern District of Pennsylvania, granting summary judgment for the City of

Philadelphia and the City of Philadelphia Prison System, and dismissing all of Lynch's claims.

Lynch filed a 42 U.S.C. § 1983 complaint, which he amended in June 2008, alleging that he was convicted of various traffic offenses in the Court of Common Pleas, and that he was sentenced to a total of 300 days in prison on February 27, 2008.[1] Lynch claimed he was wrongly denied bail and therefore falsely imprisoned during the pendency of his direct appeal in violation of due process. He also alleged that the Cambria Correctional Center ("CCC") denied him his constitutional right to access to the courts by failing to provide an adequate law library. In October 2008, the defendants filed a motion for summary judgment, claiming that Lynch failed to exhaust his prison administrative remedies as to his § 1983 claims, that Heck v. Humphrey, 512 U.S. 477 (1994), barred Lynch's complaint, and that the claims should be dismissed on their merits. Lynch filed a "Schedule B" exhibit, listing, among other things, a "group affidavit" generally alleging the inadequate law library conditions at the CCC, and thirty-five prison grievances.[2] (See D. Ct. Dkt. # 31.) He also submitted an Exhibit "A-3," an "affidavit" signed by him and other inmates, claiming inadequate law library conditions

---

[1]  Lynch was released in early 2009, after having served the full 300 days in jail.
[2]  The "group affidavit" concerning the CCC does not appear to be in the District Court record. Lynch's original complaint attached an unsigned typewritten memo to the attention of Sgt. Vasquez and Warden Blackman, dated February 20, 2008, which details the lack of supplies and other resources in the CCC law library. (See original complaint, at 5.) Lynch filed an exhibit containing thirty-five prison grievances (concerning the law library) about eight days after the District Court granted summary judgment.

at Community Education Center International's ("CECI") prison facility in Philadelphia, to which Lynch was transferred in July 2008.  (D. Ct. Dkt. # 35.)

By an order entered on November 24, 2008, the District Court dismissed the § 1983 complaint pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.[3]  The District Court ruled that the "City of Philadelphia Prison System" is not a legal entity capable of being sued.  The court also held that Lynch's false imprisonment claim was barred by Heck v. Humphrey, 512 U.S. 477 (1994), absent any showing by Lynch that his underlying criminal conviction had been overturned or had been otherwise invalidated. The District Court dismissed Lynch's access to the courts claim for failure to provide affirmative evidence supporting his claim at summary judgment.  Lynch filed this timely notice of appeal.  The appeal was dismissed in 2009 for failure to pay the filing fee. Lynch's motions to reopen the appeal and to proceed in forma pauperis on appeal, which he filed in June 2010, are granted.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's summary judgment order.  See Peloro v. United States, 488 F.3d 163, 173 (3d Cir. 2007).  We view the evidence in the light most favorable to Lynch and draw all reasonable inferences in his favor.  Eastman Kodak Co. v. Image Technical

---

[3] Lynch filed his response to the defendants' summary judgment motion by placing it in the prison mail system on November 20, 2008.  See Houston v. Lack, 487 U.S. 266, 275 (1988).  The response did not reach the District Court, however, until November 24, after the court had entered the order granting summary judgment.  We see no reason to remand because none of the arguments contained in Lynch's response causes us to alter our decision to affirm in this case.

3

Servs., Inc., 504 U.S. 451, 456 (1992).  We will uphold the decision if the Appellee established there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  We may take summary action if the appeal presents no substantial question.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.  We conclude that summary judgment is warranted because the claim lacks merit.

Lynch asserts that his immediate incarceration at sentencing in February 2008 violated his procedural due process rights because the Common Pleas Court revoked his bail after his conviction without giving its reasons for doing so, as required under the Pennsylvania Rules of Criminal Procedure.  We conclude that Lynch's due process rights were not violated.  The trial court denied Lynch's request for a stay of execution of sentencing in February 2008.  (See Defendant's Summary Judgment Motion, Exhibit "A," (Sent. tr.) at 11, 15-16.)  According to the state court appellate docket, which is public, Lynch subsequently applied for bail pending appeal in the Superior Court.  Although the trial court did not cite its reasons for denying bail at the sentencing hearing, it did so on the Superior Court's direction in May 2008.  In June 2008, the Superior Court denied Lynch's request for bail.

As for his access to the courts claim, Lynch argues that the CCC and the CECI failed to provide adequate access to the law library in 2008.  To prevail on such a claim, Lynch must show that the denial of access caused actual injury.  For instance, he must show that he was prevented from asserting a "nonfrivolous" and "arguable" claim.  Christopher v. Harbury, 536 U.S. 403, 415 (2002).  Upon thorough review of the record,

4

we conclude that Lynch failed to show the requisite actual injury. Lynch in fact filed his § 1983 complaint in the District Court in March 2008, and filed additional pleadings and documents in support of his civil rights claims from April through November 2008. Lynch also filed a habeas petition in the District Court in August 2008, and continued to prosecute his direct appeal in the Superior Court, including filing several pro se motions in December 2008.[4] See Wilson v. Prasse, 404 F.2d 1380, 1381 (3d Cir. 1968) ("[T]he many civil actions instituted by appellant in the federal and state courts supported the conclusion of the District Court that the contention that appellant had been denied access to the court was frivolous.")

Accordingly, because there is no substantial question presented by this appeal, we will summarily affirm the District Court's order granting summary judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[4] The Pennsylvania Supreme Court granted Lynch's petition for allowance of appeal in June 2010; the matter is currently pending.